09-2386-cv
Tzfira v. Kadouri Int'l Foods, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

Present:
    ROBERT A. KATZMANN,
    GERARD E. LYNCH,
                *Circuit Judges*,
    TIMOTHY C. STANCEU,
                *Judge*.[*]

_____

YIGAL TZFIRA, individually, doing business as Galco International,

    *Plaintiff-Counter-Defendant-Appellant*,

        v.                                    No. 09-2386-cv


KADOURI INTERNATIONAL FOODS INC., KADOURI & SONS INC., New York Corporation, DANIEL KADOURI, an individual, also known as Danny, AYAL KADOURI, an individual, also known as Al, RIVKA KADOURI, an individual, 234 STARR STREET, LLC, a New York Limited Company and HESTER STREET LLC, a New York Limited Liability Company

    *Defendants-Counter-Claimants-Appellees*.

_____

_____

[*] The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

For Plaintiff-Counter-            LEONARD N. SHAPIRO, The Shapiro Law Firm, LLP, New York,
Defendant-Appellant:            NY

For Defendants-Counter-          SOLOMON N. KLEIN, New York, NY
Claimants-Appellees:

Appeal from the United States District Court for the for the Southern District of New York (Preska, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment and order of the District Court be and hereby are **AFFIRMED**.

Plaintiff Yigal Tzfira appeals the judgment of the district court, dated May 11, 2009, awarding him the sum of $250,000 pursuant to a jury verdict, and the court's order, dated June 23, 2009, denying his motion to amend the judgment. Tzfira contends that the district court erred in submitting a supplemental interrogatory after the jury rendered its initial verdict and that the court should have awarded him the full $2.2. million he claimed. We assume the parties' familiarity with the underlying facts and procedural history of the case.

If a jury returns an inconsistent verdict, the trial judge has the discretion to resubmit the issues to the jury with a request for clarification. *See* Fed. R. Civ. P. 49(b); *Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 891 (2d Cir. 1988). This Court reviews the decision to submit supplemental interrogatories for abuse of discretion. *Patrolmen's Benevolent Ass'n of New York v. City of New York*, 310 F.3d 43, 55 (2d Cir. 2002).

Tzfira contends that there was no inconsistency in the jury's original verdict and that the district court should have awarded him the full $2.2 million he sought on his claim for money had and received. In its response to the original interrogatories, however, the jury never stated that Tzfira should be awarded any damages, let alone the full $2.2 million. The jury did not answer Question 22, which asked it to determine whether "Plaintiff is entitled to damages" and "If 'Yes,' in what amount?"

If anything, the most "consistent" reading of the jury's responses to the original interrogatories is that Tzfira should have been awarded no damages at all. The interrogatories specifically instructed the jury to answer Question 22 only if it found that the defendants had failed to establish any affirmative defenses. Because the jury found that the defendants had established a Statute of Frauds defense, the jury did not answer Question 22 as to damages. It is undisputed that Tzfira's counsel agreed to the wording of both the original interrogatories and the supplemental interrogatory. We also note that, after the jury rendered its original verdict, the district court gave the parties the option of relieving the jury and briefing the damages question. It was Tzfira's counsel who suggested that the court ask the jury what damages it intended to award Tzfira on the money had and received claim.

Accordingly, we find that the district court did not abuse its discretion in submitting a supplemental interrogatory to the jury. We **AFFIRM** the court's judgment and its order denying amendment of the judgment.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-3-